IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GRAY MANUFACTURING COMPANY, INC.,

    Plaintiff,

v.

SEFAC USA INC.,

    Defendant.

Case No.

## COMPLAINT AND JURY DEMAND

Plaintiff, Gray Manufacturing Company, Inc. ("Gray"), for its complaint against Defendant, Sefac USA Inc. ("SefacUSA"), states:

### Parties

1. Gray is a corporation duly organized and existing under the laws of the State of Missouri and having its principal place of business at 3501 S. Leonard Rd, St. Joseph, Missouri 64503.

2. Upon information and belief, SefacUSA is a Delaware corporation with a principal place of business at 381 Nina Way, Warminster, Pennsylvania 18974.

### Jurisdiction and Venue

3. This is an action arising under the patent laws, Title 35, United States Code, for SefacUSA's infringement of U.S. Patent No. RE41,554, U.S. Patent No. 7,014,012, U.S. Patent No. 9,352,944, and U.S. Patent No. 9,656,843 (collectively, the "Gray Patents").

4. This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over SefacUSA because, on information and belief, SefacUSA is registered as a foreign entity in Pennsylvania, regularly conducts business in

1

Pennsylvania, and has committed infringing acts within Pennsylvania, including making, selling, offering for sale, using, and/or importing products that infringe the Gray Patents.

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because SefacUSA maintained a physical office located at 30 South 15 Street, Philadelphia and, upon information and belief, moved to a new physical office and integrated workshop at 381 Nina Way, Warminster sometime after August 30 of this year. Those offices are located in this judicial district and have served and currently serve as the regular and established place of business of SefacUSA. And, as described herein, SefacUSA has committed acts of infringement in this judicial district by making, selling, offering for sale, using, and/or importing products that infringe the Gray Patents.

## Background

7. Gray is in the business of designing, manufacturing, and selling vehicle lift systems, such as portable vehicle lifts that can be positioned around a vehicle and can cooperate to raise and lower the vehicle. Portable vehicle lifts manufactured and offered for sale by Gray are illustrated below. Notably, the Gray portable vehicle lifts shown below are configured to communicate with each other wirelessly, such that physical wires or cables are not required for the portable vehicle lifts to function together to raise and lower vehicles.



8. On October 21, 2003, U.S. Patent No. 6,634,461 (the "'461 Patent"), entitled "Coordinated Lift System," was duly and legally issued by the United States Patent and Trademark Office. The '461 Patent underwent an Ex Parte Reexamination and a Reissue. The '461 Patent was reissued as U.S. Patent No. RE41,554 (the "'554 Reissue) on August 24, 2010. An Ex Parte Reexamination Certificate "C1" was issued for the '461 Patent on May 17, 2011. A Certificate of Correction was issued on July 31, 2012, to correct errors in the Reexamination Certificate C1 and to correctly indicate that the Reexamination Certificate C1 was issued for the '554 Reissue, not the '461 Patent. A copy of the '554 Reissue, the '461 Patent, the Reexamination Certificate C1, and the Certificate of Correction are attached as Exhibit A.

9. On March 21, 2006, U.S. Patent No. 7,014,012 (the "'012 Patent"), entitled "Coordinated Lift System," was duly and legally issued by the United States Patent and Trademark Office. The '012 Patent is a continuation of the '461 Patent. Certificates of Correction were issued for the '012 Patent on June 6, 2006 and August 1, 2006. The '012 Patent underwent Inter Partes Reexamination, for which a Reexamination Certificate "C1" was issued on January 25, 2011. A Certificate of Correction was issued for the Reexamination Certificate C1 of the '012 Patent on March 22, 2011. The '012 Patent underwent Ex Parte Reexamination, for which a Reexamination Certificate "C2" was issued on March 19, 2013. A copy of the '012 Patent, the Reexamination Certificates C1 and C2, and the Certificates of Correction are attached as Exhibit B.

10. On May 31, 2016, U.S. Patent No. 9,352,944 (the "'944 Patent"), entitled "Control and Communication System for a Wireless Vehicle Lift System," was duly and legally issued by the United States Patent and Trademark Office. A copy of the '944 Patent is attached as Exhibit C.

11. On May 23, 2017, U.S. Patent No. 9,656,843 (the "'843 Patent"), entitled "Wireless Vehicle Lift System with Enhanced Electronic Controls," was duly and legally issued by the United States Patent and Trademark Office. The '843 Patent is a continuation of the '944 Patent. A copy of the '843 Patent is attached as Exhibit D.

12. Gray has sold, offered for sale, sells, and/or offers for sale in the United States, portable vehicle lifts that embody the claimed inventions of the Gray Patents.

13. Gray marks its portable vehicle lifts that embody the claimed inventions of the Gray Patents with reference to the Gray Patents so as to provide notice to the public that its portable vehicle lifts are patented.

14. Gray is informed and believes, and therefore alleges, that SefacUSA is making, using, selling, offering to sell, and/or importing in and/or into the United States, portable vehicle lifts that infringe one or more claims of the Gray Patents. For example, upon information and belief, SefacUSA used, marketed, and/or offered for sale portable vehicle lifts that infringe the Gray Patents at the APTA Expo, which was held in Atlanta, Georgia between October 9 – 11, 2017. The infringing portable vehicle lifts displayed at the APTA Expo are referred to by SefacUSA, as indicated on SefacUSA's Facebook page www.facebook.com/sefacusa/, a snapshot of which is attached as Exhibit E, as the "SW2 wireless column lift" (the "SW2 Lift"). A photograph of a set of SW2 Lifts shown by SefacUSA at the APTA Expo is reproduced below from SefacUSA's Facebook page.



15. Upon information and belief, SefacUSA is also selling or offering for sale the infringing SW2 Lifts online, on its website www.sefacusa.com. Images from SefacUSA's website illustrating the SW2 Lifts being offered for sale in the United States are illustrated below.



SEFAC USA is proud to introduce the new SEFAC SW2 wireless column lift!
We are limiting availability to only the Eastern Seaboard of the United States, because Safety and Service are of primary importance to us. We are making this new system available in a limited area, where we are certain that service and instruction will be available to all new users of this incredible new technology.
This heavy duty column lift with a capacity of 18,000 lbs operates via on-board batteries and represents the pinnacle of SEFAC manufacturing, as to effectiveness and safety.
For any information,
contact us: Toll Free (877) 220-2041 – info@sefacusa.com
Or visit our website: www.sefacusa.com/product/standard-mobile-column/

16. Upon information and belief, SefacUSA's SW2 Lifts, as illustrated in the images above, infringe at least independent claims 50 and 51 of the '554 Reissue, independent claims 1 and 13 of the '012 Patent, independent claim 20 of the '944 Patent, and independent claim 26 of the '843 Patent. To illustrate SefacUSA's infringement of the Gray Patents, Plaintiff has attached

5

hereto as Exhibit F a claim chart showing a comparison between SefacUSA's SW2 Lifts and independent claims 50 and 51 of the '554 Reissue, independent claims 1 and 13 of the '012 Patent, independent claim 20 of the '944 Patent, and independent claim 26 of the '843 Patent. The claim chart of Exhibit F is incorporated herein by reference in its entirety.

17.   The images and photographs of SefacUSA's SW2 Lift included in the claim chart of Exhibit F were obtained from SefacUSA's Facebook page, from SefacUSA's website, from Sefac S.A.'s website www.sefac.fr (Sefac S.A. is identified in more detail below), and from certain SW2 Lifts purchased by a third party from Service de Freins Montreal Ltee ("SDF"), a Canadian company. The SW2 Lifts purchased by the third party were inspected and photographed by Gray as part of a pending Canadian lawsuit between Gray and SDF. Upon information and belief, SDF was, and remains, a distributor of portable vehicle lifts made and imported into Canada by Sefac S.A., which is a French corporation. Upon information and belief, SefacUSA is a wholly owned subsidiary of Sefac S.A. Upon information and belief, the SW2 Lifts purchased from SDF are substantially the same as SefacUSA's current SW2 Lifts that are being sold or offered for sale in the United States. The SW2 Lifts (1) illustrated on SefacUSA's website, (2) shown by SefacUSA at the APTA Expo, and (3) purchased from SDF all share the same SW2 model name and appear to be substantially the same, as illustrated in the following side-by-side images reproduced from SefacUSA's website, SefacUSA's Facebook page, and photographs taken of the SW2 Lifts purchased from SDF.

  

SW2 from SefacUSA's website    SW2 from SefacUSA's Facebook page    SW2 purchased from SDF

18. Upon information and belief, SefacUSA is also inducing infringement of the Gray Patents by actively encouraging its customers to perform acts that SefacUSA knows infringe the Gray Patents. For example, SefacUSA, via its website, provides instructional videos that instruct its customers to use its SW2 Lifts in a manner that infringe the Gray Patents. A snapshot from such an instructional video provided on SefacUSA's website is represented below.



7

19.     SefacUSA's making, using, selling or offering for sale, and/or importation into the United States is without authorization or license from Gray.

20.     Upon information and belief, SefacUSA has received notice of the '554 Reissue and the '012 Patent by way of letters sent to Sefac S.A. in connection with the above-reference Canadian lawsuit, with such letters dated October 8, 2015, and July 20, 2016. Copies of such letters are attached hereto as Exhibit G and Exhibit H, respectively.

### Count I – Patent Infringement

21.     Gray incorporates by reference and re-alleges the allegations in Paragraphs 1-20, above, as if fully set forth herein.

22.     Gray owns by assignment all right, title, and interest in and to the Gray Patents, including full rights to recover past and future damages thereunder.

23.     Upon information and belief, SefacUSA through its respective agents, employees or affiliates, has been and currently is committing acts of direct infringement of the Gray Patents by making, importing, using, selling, and/or offering to sell portable vehicle lifts in the United States that are covered by one or more claims of the Gray Patents.

24.     Upon information and belief, SefacUSA has induced infringement of the '554 Reissue and the '012 Patent because, with knowledge of the '554 Reissue and the '012 Patent, SefacUSA intentionally and actively induced end users of the SW2 Lifts to use them in a manner that directly infringes the '554 Reissue and the '012 Patent with specific intent that they do so.

25.     Gray has been, and continues to be, greatly damaged by reasons of these acts of infringement and, upon information and belief, SefacUSA will continue to infringe the Gray Patents.

26.     Upon information and belief, SefacUSA has deliberately and willfully infringed upon Gray's exclusive rights under the '554 Reissue and the '012 Patent, with full notice and

8

knowledge thereof. Upon information and belief, SefacUSA has acted despite an objectively high likelihood that its actions constitute infringement of the '554 Reissue and the '012 Patent, and knew or should have known of that objectively high risk at least as of October 8, 2015.

27. Upon information and belief, SefacUSA, from its infringing activities, has received and will continue to receive gains, profits and advantages, in an amount not presently known to Gray.

28. Gray has suffered and will continue to suffer irreparable harm in its trade and business as a result of SefacUSA's infringement of the Gray Patents, for which Gray is entitled to both preliminary and permanent injunctive relief pursuant to 35 U.S.C. § 283.

29. Gray has suffered and will continue to suffer monetary damages, in an amount not yet presently known, as a result of SefacUSA's infringement of the Gray Patents.

30. Gray is entitled to monetary damages pursuant to 35 U.S.C. § 284 in an amount to be proven at trial.

**Prayer for Relief**

Based on the foregoing, Gray prays for judgment against SefacUSA as follows:

A. A finding that SefacUSA has directly infringed one or more claims of the Gray Patents under 35 U.S.C. § 271(a).

B. A finding that SefacUSA has induced infringement of one or more claims of the Gray Patents under 35 U.S.C. § 271(b).

C. An order enjoining SefacUSA and its officers, directors, managers, employees, affiliates, agents, representatives, parents, subsidiaries, successors, and assigns; those in privity with them; and all others aiding, abetting, or acting in concert or active participation with them from:

  (1) making, using, selling, offering to sell in the United States, or importing into the United States, any product covered by the Gray Patents; or

  (2) otherwise directly or indirectly infringing the Gray Patents.

D. Compensatory damages under 35 U.S.C. § 284 in an amount adequate to compensate Gray for the infringement by SefacUSA.

E. Treble damages under 35 U.S.C. § 284.

F. An order that SefacUSA account to Gray for all sales, revenues, and profits derived from its infringing activities and that three times those profits be disgorged and paid to Gray under 35 U.S.C. § 284.

G. Attorney fees under 35 U.S.C. § 285.

H. Pre- and post-judgment interest.

I. Costs of the action.

J. Such other and further relief as allowed at law or in equity that the Court deems just.

## Jury Demand

Gray demands a trial by jury on all issues so triable.

October 17, 2017

Respectfully Submitted,

/s/ William J. Conroy

William J. Conroy, PA Bar No. 36433
wconroy@campbell-trial-lawyers.com
CAMPBELL CAMPBELL EDWARDS & CONROY PC
1205 Westlake Drive
Suite 330
Berwyn, Pennsylvania 19312
(610) 964-6380   Fax: (610) 964-1981

Michael B. Hurd, KS Bar No. 12521 (Pro Hac Vice to be filed)
  mhurd@hoveywilliams.com
Kameron D. Kelly, KS Bar No. 19900 (Pro Hac Vice to be filed)
  kdk@hoveywilliams.com
HOVEY WILLIAMS LLP
10801 Mastin Boulevard, Suite 1000
84 Corporate Woods
Overland Park, Kansas 66210
(913) 647-9050   Fax: (913) 647-9057

Kenneth E. Siemens, MO Bar No. 41914 (Pro Hac Vice to be filed)
  kensiemens@mtselaw.com
MURPHY, TAYLOR, SIEMENS & ELLIOTT P.C.
3007 Frederick Avenue
St. Joseph, Missouri 64506
(816) 364-6677   Fax: (816) 364-9677

ATTORNEYS FOR PLAINTIFF